E-FILED
Thursday, 02 July, 2026  03:37:43 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JOSEPH AUSTIN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 24-3347 |
| | ) | |
| CHRISTIAN COUNTY JAIL, | ) | |
| Defendant. | ) | |

ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is a Complaint (Doc. 1) under 42 U.S.C. § 1983 filed by Plaintiff Joseph Austin, a detainee at the Christian County Jail ("Jail").

I.      Screening Standard

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* Upon review of the amended pleading, the court accepts the factual allegations as accurate and construes them liberally in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

II.     **Factual Allegations**

Plaintiff alleges the denial of "mental health treatment and counseling" during his detention at the Jail. (Doc. 1 at 3.)

III.    **Analysis**

Under Federal Rule of Civil Procedure 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (explaining that plaintiffs "need do no more than narrate a grievance simply and directly, so that the defendant knows what he has been accused of"). In addition to describing the claim, a plaintiff must also give "some indication . . . of time and place." *Thomson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004).

Plaintiff names the Jail as a Defendant, which does not state a plausible claim under §1983. A building, such as a jail or correctional facility, cannot be sued under § 1983. *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *see also White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018) ("[T]he fact that a building is owned by a corporate entity or a government agency does not make the building a suable person under § 1983.").

Plaintiff only mentions nurse Kedra Sedlacek, noting that she was the "onsite" nurse, who is "supposed to be onsite whenever needed," which is insufficient to state a

plausible claim. (*Id*. at 3.); *see also Snyder v. King*, 745 F.3d 242, 246 (7th Cir. 2014) ("Section 1983 only permits an individual to sue a 'person' who deprives that individual of his or her federally-guaranteed rights under color of state law.").

Consequently, Plaintiff's Complaint is dismissed. However, if Plaintiff believes he can revise his pleading to state a cause of action, he may file a Motion for Leave to File an Amended Complaint. If Plaintiff elects to file, his amended pleading must be attached to his motion for leave.

The Court does not accept piecemeal amendments. Plaintiff's claims must stand independently without reference to his initial filing and contain all claims against all defendants. Plaintiff must specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.").

The Court informs Plaintiff that any attempt to join unrelated claims and defendants is not permitted. *See* Fed. R. Civ. P. 20(a)(2). In other words, multiple claims against a single defendant are allowed, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George,* 507 F.3d at 607.

Additionally, "[l]awsuits brought under § 1983 are governed by the statute of limitations for personal injury in the state where the injury occurred, which in Illinois is two years." *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017); *see also Brown v. Dart*, 876 F.3d 939, 940 (7th Cir. 2017) ("The statute of limitations to bring a claim under 42 U.S.C. § 1983 is determined by state law. Under Illinois law, a plaintiff has two years to bring a

§ 1983 claim." (internal citation omitted)); *Cesal v. Moats*, 851 F.3d 714, 722 (7th Cir. 2017)

(pointing out that the limitations period is tolled while a plaintiff pursues the grievance

process).

**IT IS THEREFORE ORDERED:**

1) **The Court DISMISSES Plaintiff's Complaint (Doc. 1) under 28 U.S.C. 1915A(b)(1) for failure to state a federal claim on which relief may be granted.**

2) **The Court GRANTS Plaintiff leave to file an Amended Complaint within thirty days of the entry of this order and per the Court's instructions. If Plaintiff does not comply before the deadline expires, the Court will dismiss Plaintiff's case.**

ENTERED July 2, 2026.

s/ *Coleen R. Lawless*

_____
**COLLEEN R. LAWLESS**
**UNITED STATES DISTRICT JUDGE**